OPINION
By HORNBECK, J.
This case having been regularly assigned for hearing and counsel for the respective parties appearing, after some oral discussion, the record was submitted to the Court to determine the nature of the proceedings, whether mandamus or appeal, and if appeal, the type thereof.
The action is not in mandamus, although there was some support for the claim that it should so proceed, based upon the fact that some papers in the case filed in this Court by defendant below carried the style of the case as State, ex rel. Eugene McMurray v Clayton W. Rose, Judge of the Court of Common Pleas, etc., and the prayer of a document marked “Petition in Error” in one aspect is that a writ of mandamus be issued requiring Judge Rose to grant a change of venue to the defendant. However, an inspection of the transcript of docket and journal entries discloses that the judgment entry was in part predicated upon an order of the trial judge refusing a change of venue to the defendant below. From this order the notice of appeal is noted by the defendant,, and it is designated as upon questions of law and fact and of law. Thereafter, a document marked “Bill of Exceptions” was filed in this Court, duly settled and allowed by the trial judge.
Counsel for defendant-appellant, although improperly styled in the caption in this Court as appellee, upon coming on to present the case under the general assignment, does not dismiss his appeal on law and fact, nor does he proffer any original testimony although he offers to do so later. Counsel for appellee does not raise any formal objection to the appeal on questions of law and fact, but will not agree that the Bill of Exceptions shall constitute the evidence in this Court, and thus we have presented a situation where the appeal is noted on law and fact, appellant offers. *523 no testimony to support his appeal in this Court, and appellant makes no objection to the type of appeal.
Further examination of the transcript in the Common Pleas Court discloses that the only question properly before the trial judge at the time that the order appealed from was made, was whether or not defendant’s motion for change of venue should be granted, and if not, whether or not the defendant should be sentenced on a former adjudication of his guilt of contempt of court as charged.
It is obvious that the order made presented two questions on the law side of the court without any of the characteristics of a proceeding in chancery.
We conceive it to be the duty of this court to pass upon the issues presented upon appeal if it can properly be done. The only way that such action here can be accomplished is for us on our own motion to dismiss the appeal on questions of law and fact and entertain the appeal on questions of law. This we have determined to do.
An entry may be prepared finding that the appeal may not be tried upon fact, but will proceed as upon questions of law. After this entry has been filed the bill of exceptions which has already been prepared, settled and allowed, should be refiled in this court.
Appellant has briefed the errors assigned, but counsel for plaintiff, not being certain of the • status of the proceeding has filed no brief and desires opportunity to do so in the situation now presented. Fifteen days will be given to plaintiffappellee to file his answer brief, and we suggest that it be confined largely to the question whether or not the court erred in overruling defendant-appellant’s motion for change of venue of date February 26, 1942. If appellant desires to file a reply brief, five days will be given for that purpose after the answer brief is filed.
Upon the filing of the briefs, unless counsel especially desire and request oral presentation we will take the matter as having been submitted on the briefs, and make determination of the errors assigned.
GEIGER, PJ., and BARNES, J., concur.